## GENGLER v. SEARS, ROEBUCK & CO.

### Civ. 106.

·District Court, E. D. Illinois.

Jan. 2, 1941.

Harold G. Baker and Ralph F. Lesemann, both of East St. Louis, Ill., and Ira Milton Jones, of Milwaukee, Wis., for plaintiff.

Chritton, Wiles, Davies, Hirschl & Dawson, of Chicago, Ill., and Pope & Driemeyer, of East St. Louis, Ill., for defendant.

WHAM, District Judge.

On September 18, 1940, I filed herein my memorandum of decision in which I indicated, among other findings and conclusions, that claim 1 of Gengler Reissue Patent No. 19,922 and claims 1, 3 and 6 of Heidger Reissue Patent No. 20,725, relied upon by plaintiffs, were valid and infringed by defendant's structures. Following and pursuant to said memorandum, formal findings and conclusions were filed herein on November 6, 1940. On the same day the defendant filed its petition for a rehearing of so much of the case as relates to the validity of the two aforementioned patents, based entirely upon the record then already made but seeking opportunity to present and argue in more detail the prior art as shown more particularly in Wilson patents Nos. 455,696, 457,296 and 514,981. The court, over opposition of counsel for plaintiff, allowed the petition and deferred entry of interlocutory decree pending the rehearing.

At the rehearing on November 18, 1940, counsel for defendant presented carefully prepared arguments in support of their contentions, illustrated by model and charts purporting to represent the applicability to plaintiffs' said patents of the prior art as disclosed by said Wilson patents. At the conclusion of the arguments counsel for plaintiff sought and was granted leave to take said models and charts away from the court that he might examine them with engineering aid and to answer defendant's argument in a written brief. Such brief was filed later, and thereafter defendant's reply brief was filed.

The illustrated oral arguments of counsel upon rehearing were enlightening. Upon consideration of said arguments, together with the respective briefs of counsel, I have come to the conclusion that in holding valid the patents here in question I failed to give due scope to all the disclosures in the prior art and particularly in the Wilson patents.

At the best, the inventive advance found by the court in each of plaintiff's patents here in issue was slight, but sufficient in each, as I believed, when buttressed by the favorable presumptions arising from its issuance by the Patent Office, and the somewhat remarkable commercial success attained following its production, to give validity. I am convinced now that my view of the state of the applicable prior art shown by the evidence was then too narrow. Failure to appreciate the full disclosures of the prior patents resulted in part from having limited my study too closely to the claims therein set forth. When the full disclosures of the Wilson and Orr patents relied upon by defendant are given application a conclusion that both of the patents here in issue are invalid seems inescapable. I now so hold.

The findings and conclusions heretofore filed, in so far as in conflict herewith, must be amended to comply with the views herein expressed, and decree shall be drawn and presented pursuant to the amended findings and conclusions.